193 F.3d 1106 (9th Cir. 1999)
 JOSEPH SANTORO; GRACE SANTORO, Plaintiffs-Appellants,
v.
CTC FORECLOSURES SERVICES CORP., a California corporation aka Countrywide Title Corp.; COUNTRYWIDE FUNDING CORPORATION, a California corporation; DOES, 1 through 15, inclusive, Defendants-Appellees.
 No. 98-56755
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted August 3, 1999--Pasadena, California
Decided October 5, 1999
 
 1
 Louis G. Bruno, Escondido, California, for the plaintiffs appellants.
 
 
 2
 Sanford P. Shatz, Calabasas, California, for the defendants appellees.
 
 
 3
 Appeal from the United States District Court for the Southern District of California; Barry T. Moskowitz, District Judge, Presiding. D.C. No. CV-97-01297-BTM/JFS.
 
 
 4
 Before: Alex Kozinski and Sidney R. Thomas, Circuit Judges, and William A. Ingram,* District Judge.
 
 Per Curiam
 
 5
 Joseph and Grace Santoro brought an action alleging, inter alia, violations of the Fair Debt Collection Practices Act and the Truth in Lending Act. The district court granted defendants' motion for summary judgment, and the Santoros appeal. We must first determine whether we have jurisdiction. See MacKay v. Pfeil, 827 F.2d 540, 542 (9th Cir. 1987) (per curiam).
 
 
 6
 The district court order granting defendants' summary judgment motion states, in pertinent part:
 
 
 7
 Defendants' motion to dismiss Plaintiffs Amended Complaint is GRANTED. Plaintiffs are given leave to file a second amended complaint for the limited purpose of alleging facts to demonstrate a claim against defendant CTC under 15 U.S.C. S 1692a(1)(6), and claims against both CTC and Countrywide under Cal. Civ. Code S 1788(2)(c), as well as corresponding violations under the California Unfair Business Competition Act.
 
 
 8
 Instead of amending their complaint, the Santoros appealed from this order and from the district court's previous order, which granted in part and denied in part defendants' summary judgment motion.
 
 
 9
 Under 28 U.S.C. S 1291, we have jurisdiction over final orders of the district court. We have previously held that a grant of summary judgment in favor of defendants is not an appealable final order, if the district court also grants plaintiffs leave to amend. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (en banc). The parties nevertheless seem to believe that we have jurisdiction because the Santoros chose not to amend their complaint and because the parties have agreed to "waive" finality in this case. They are mistaken.
 
 
 10
 In WMX we held that "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained." Id. at 1136. WMX unanimously adopted this rule in order to avoid confusion about when a final judgment has been entered and to give the district court an opportunity to enter an order it knows is final and appealable. Such concerns are not allayed by the Santoros' decision to stand on their complaint nor by the stipulation of the parties. Of course, since no final judgment has been entered, the case is still in the district court, and the Santoros can still obtain a final order by informing the district court that they do not plan to amend.
 
 
 11
 DISMISSED.
 
 
 
 Notes:
 
 
 *
 The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation.