FILED

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT BOGGS,

          Plaintiff - Appellee,

  v.

JOHN K. HOOVER; JOHN C.
BRADLEY; CHARLES R. FRENCH;
JO'EY STEWART,

          Defendants,

  and

AGNES SOWLE; KATHRYN A.
SHORT,

          Defendants - Appellants.

No. 09-35803

D.C. No. 3:09-cv-00116-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted November 4, 2010
Portland, Oregon

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     W. FLETCHER and FISHER, Circuit Judges, and JONES, District Judge.[**]

Defendants Sowle and Short appeal from the district court's without-prejudice dismissal of plaintiff Robert Boggs' complaint for failure to state a claim. Defendants allege that the complaint should have been dismissed with prejudice because defendants are protected by qualified immunity and thus amendment would be futile. We conclude that we lack appellate jurisdiction over this interlocutory appeal.

A district court's order dismissing a complaint with leave to amend is not an appealable final order. *See Santoro v. CTC Foreclosures Servs. Corp.*, 193 F.3d 1106, 1107 (9th Cir. 1999); *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 270-71 (9th Cir. 1965). Accordingly, for this Court to have jurisdiction to review the district court's order, the order must qualify as a collateral order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Denials of qualified immunity often qualify as appealable collateral orders under *Mitchell v. Forsyth*, 472 U.S. 511 (1985). *Forsyth*, however, was based on the need to protect government defendants' entitlement to qualified immunity by not subjecting them to "the costs

[**]The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

of trial or to the burdens of broad-reaching discovery." *Id.* at 526 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).

The unavailability of an interlocutory appeal at this stage of the proceedings does not risk subjecting defendants to either trial or discovery. Defendants can wait to see if plaintiff files an amended complaint, and, if he does, can file another motion to dismiss. If plaintiff fails to correct the problem the district court identified with the first complaint, defendants will prevail without needing to appeal to this court. If plaintiff corrects the problem and the district court denies the motion to dismiss, then defendants can appeal that decision. *Cf. Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). Dismissing this case for lack of appellate jurisdiction thus balances the entitlement "not to stand trial or face the other burdens of litigation," *Forsyth*, 472 U.S. at 526, with the desire to avoid "waste[d] judicial resources by requiring repetitive appellate review," *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988), or appellate review that may prove entirely unnecessary.

Defendants expressed concern that if they failed to appeal the district court's order they would be prohibited from defending against an amended complaint on the basis of qualified immunity, or would waive their right to appeal the district court's qualified immunity determination. We see nothing that would prevent the

3

district court from either reversing its earlier decision, or reaching a different conclusion concerning qualified immunity based on differing factual allegations in an amended complaint.  Furthermore, there is no doctrine that requires a defendant to take advantage of an available interlocutory appeal, and thus defendants need not have feared that their right to appeal the district court's qualified immunity determination would have been waived, even had an appeal been available to them at this point in the litigation.

**DISMISSED.**