# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GREENSPRINGS BAPTIST CHRISTIAN
FELLOWSHIP TRUST,
            *Plaintiff-Appellee*,

            v.

JAMES P. CILLEY; MARK A.
SCHMUCK, individuals; TIMMERMAN
CILLEY & KOHLMANN LLP, a
California limited liability
partnership,
            *Defendants-Appellants.*

No. 09-16924

D.C. No.
3:09-cv-01054-SC

OPINION

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted
October 8, 2010—San Francisco, California

Filed December 27, 2010

Before: Stephen Reinhardt and Marsha S. Berzon, Circuit
Judges, and Louis H. Pollak, Senior District Judge.*

Opinion by Judge Pollak

*The Honorable Louis H. Pollak, Senior United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

20653

## COUNSEL

Carleton L. Briggs (argued), Law Offices of Carleton L. Briggs, Santa Rosa, California, and James E. Rice, Caldwell, Idaho, for the plaintiff-appellee.

Daniel W. Hager (argued) and Russell S. Roeca, Roeca Haas Hager LLP, San Francisco, California, for the defendants-appellants.

## OPINION

POLLAK, District Judge:

This diversity case traces back to 2000 when gifts were sought to be made by Elsie Terchen to Greensprings Baptist Christian Fellowship Trust ("Greensprings") and also to two

daughters of Barbara and Robert Miller. Conveyances of certain properties were made to Greensprings, but the planned gift of a house to the Miller daughters was not accomplished prior to Terchen's death on December 10, 2000. In the years that followed, the Millers and Greensprings became adversaries with respect to the Millers' claim that they were entitled to $500,000 from Greensprings. The details of the ensuing controversy have no bearing on the issues to be addressed in this opinion. Suffice it to say that the first stage of the current litigation commenced in 2007 in the form of a suit commenced by the Millers against Greensprings in a California state court and then removed by Greensprings to the United States District Court for the Northern District of California. *Miller v. Greensprings Baptist Christian Fellowship Trust*, No. 07-*cv*- 4776 (N.D. Cal. 2008). The *Miller* suit was dismissed.

Thereupon Greensprings brought the current suit—a suit for malicious prosecution—against the Millers and the attorneys who had represented the Millers in *Miller v. Greensprings* ("Attorney defendants"). The Millers and the Attorney defendants moved to strike Greensprings's complaint pursuant to California's statute providing for a special motion to strike so-called strategic lawsuits against public participation. *See* Cal. Civ. Proc. Code § 425.16 (the "anti-SLAPP" statute). Portions of that statute apply in federal diversity actions. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001). The district court granted the anti-SLAPP motion to dismiss the complaint, finding that Greensprings did not offer sufficient evidence that the Millers and the Attorney defendants had subjective malice towards Greensprings. However, "in light of the policy favoring liberal amendment of claims embodied by Rule 15(a) of the Federal Rules of Civil Procedure," the district court granted Greensprings "leave to amend its complaint if it believes that it can make a successful showing of malice."

Appellants in this court are solely the Attorney defendants; the Millers have arrived at a settlement with Greensprings and have therefore been dismissed. The Attorney defendants argue that the district court erred by granting Greensprings leave to amend its complaint pursuant to Rule 15(a). We do not reach the merits of their argument, because we hold that we lack jurisdiction to entertain this appeal.[1]

---

[1]We note that the Attorney defendants' contention on the merits appears to have already been rejected by this court. The Attorney defendants argue that the federal courts should follow California law, which generally prohibits granting the plaintiff leave to amend its complaint following the grant of an anti-SLAPP motion, rather than Rule 15(a). In *Verizon Del. Inc. v. Covad Commc'ns Co.*, we held that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." 377 F.3d 1081, 1091 (9th Cir. 2004).

In *Steel Co. v. Citizens for a Better Environment*, the Supreme Court explained that federal courts ordinarily may not sidestep a difficult jurisdictional question on the ground that the party alleging the existence of jurisdiction would, if jurisdiction existed, lose on the merits. 523 U.S. 83, 93-95 (1998). Some circuits have read *Steel Co.* as acknowledging the existence of some exceptions to its general rule, among them that courts may pretermit a difficult jurisdictional question if squarely controlling precedent would, if jurisdiction existed, "foreordain" the decision on the merits against the party alleging the existence of jurisdiction. *See Ctr. for Reprod. Law & Policy v. Bush*, 304 F.3d 183, 194-95 (2d Cir. 2002); *Seale v. I.N.S.*, 323 F.3d 150, 154-57 (1st Cir. 2003); *Starkey v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1260-62 (10th Cir. 2009); *see also Steel Co.*, 523 U.S. at 98-101 (acknowledging that the Supreme Court's own precedents have "diluted" the "purity" of the rule that jurisdiction is always an antecedent question, including in some cases where the ultimate resolution of the merits question would be "foreordained" if jurisdiction existed).

The Ninth Circuit appears not to have addressed the existence or the scope of such an exception to the general rule that jurisdictional questions must be decided first. We need not do so now: Nothing in *Steel Co.* bars a court from addressing a thorny threshold jurisdictional question, even if the merits question lends itself to straightforward resolution.

We further note that Greensprings argues that this appeal is now moot because an amended complaint and renewed motion to strike have now been filed in the district court. However, after Greensprings's brief was filed, the district court denied the renewed motion without prejudice and stayed the action pending the resolution of this appeal. Thus, there is still a live controversy concerning the district court's order.

## I.

## A.

**[1]** By statute, we have jurisdiction to review "final decisions" on the merits entered by the district courts. 28 U.S.C. § 1291; *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1024 (9th Cir. 2010). Under the collateral order doctrine, we may also review "a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.' " *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)). Immediate appeals of such orders "do not go against the grain of § 1291, with its object of efficient administration of justice in the federal courts." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985)).

**[2]** The Supreme Court has identified three requirements for collateral order appeal: the order must " '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.' " *Will*, 546 U.S. at 349 (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). All three requirements must be met for a court to exercise jurisdiction under the collateral order doctrine. *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1140 (9th Cir. 2007) (citing *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987)). These conditions are "stringent," and the Supreme Court has "repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule . . . that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equip.*, 511 U.S. at 868 (quoting *Richardson-Merrell*, 472 U.S. at 436); *see also Will*, 546 U.S. at 350 ("[W]e have

not mentioned applying the collateral order doctrine recently without emphasizing its modest scope.").

**[3]** We have not previously addressed the jurisdictional question presented in this case: whether an order granting a motion to strike under California's anti-SLAPP statute with leave to amend is immediately appealable under the collateral order doctrine. In *Batzel v. Smith*, however, this court answered the related question of whether the *denial* of an anti-SLAPP motion to strike is immediately appealable as a collateral order. 333 F.3d 1018 (9th Cir. 2003). In *Batzel*, we found that all three conditions for collateral appeal were satisfied because the denial of an anti-SLAPP motion (1) is "conclusive as to whether the anti-SLAPP statute required dismissal of Batzel's suit"; (2) "resolves a question separate from the merits in that it merely finds that such merits may exist, without evaluating whether the plaintiff's claim will succeed"; and (3) forces a defendant "to incur the cost of a lawsuit before having his or her right to free speech vindicated." *Id.* at 1025. Accordingly, we held that we possessed jurisdiction.

After *Batzel*, the Supreme Court decided *Will v. Hallock*, which held that the collateral order doctrine does not apply to a defendant's claim that a district court failed to enforce the judgment bar to further litigation under the Federal Tort Claims Act. 546 U.S. 345 (2006). In the wake of *Will*, we have continued to rely upon *Batzel* for the proposition that we have jurisdiction over appeals of denials of motions to strike under California's anti-SLAPP statute. *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010); *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007). At the same time, we have also recently held that the collateral order doctrine does not apply to the denial of a motion to strike brought under Oregon's anti-SLAPP statute. *Englert v. MacDonell*, 551 F.3d 1099, 1107 (9th Cir. 2009).[2]

---

[2]In distinguishing *Batzel*, *Englert* focused on the fact that—unlike California's anti-SLAPP statute—Oregon's anti-SLAPP statute does not pro-

**[4]** The Attorney defendants argue that the rule in *Batzel* should be extended to provide for jurisdiction in this case. Greensprings urges this court to reconsider *Batzel*, suggesting that "even if *Batzel* was correctly decided, it is likely inconsistent" with *Will*'s analysis of the third ("effectively unreviewable") prong of the collateral order test. Appellee's Br. at 22. But even if *Will* "undercut the theory or reasoning underlying [*Batzel*] in such a way that the cases are clearly irreconcilable," *see Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), this three-judge panel could still not overrule *Batzel* because, as we have noted, this court has repeatedly relied on and applied *Batzel*'s central holding since the Supreme Court's decision in *Will.* In any case, whether *Will* is inconsistent with *Batzel* is beside the point: we need not reach the portion of *Batzel* allegedly inconsistent with *Will* (the third prong of the collateral order doctrine test), because we conclude that this appeal—from an order granting a defendant's anti-SLAPP motion but permitting the plaintiff leave to amend its complaint—fails the first prong of the collateral order test, which requires that an order "conclusively determine the disputed question." *Will*, 546 U.S. at 349.

## B.

An order dismissing a case with leave to amend may not be appealed as a final decision under § 1291. *WMX Techs., Inc.*

vide for collateral appeal:

> The failure of the Oregon Legislature to provide for an appeal from the denial of a special motion to strike provides compelling evidence that, unlike their California counterparts, Oregon lawmakers did not want "to protect speakers from the trial itself," as much as they wanted to have in place a process by which a *nisi prius* judge would promptly review the evidence underlying the defamation complaint to determine whether it had sufficient merit to go forward.

*Id.* at 1106 (quoting *Batzel*, 333 F.3d at 1025). Thus, *Englert* concluded that the Oregon anti-SLAPP statute was "comparable to a motion for summary judgment," the denial of which is "not generally appealable under the collateral order doctrine." *Id.* at 1105 (citing *Digital Equip.*, 511 U.S. at 873).

*v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (en banc); *Santoro v. CTC Foreclosures Svcs. Corp.*, 193 F.3d 1106, 1107 (9th Cir. 1999). However, under certain limited circumstances we have found that orders granted with leave to amend may be appealed immediately under the collateral order doctrine. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) (permitting immediate appeal of district court order dismissing complaint brought by anonymous plaintiffs and granting them leave to amend with their true names). In this case, we consider whether we possess jurisdiction to entertain an appeal from an order granting a plaintiff leave to amend its complaint following the granting of a defendant's anti-SLAPP motion.

In analyzing whether an order "conclusively determined the disputed question," the Supreme Court has distinguished two types of non-final orders: those that are " 'inherently tentative' " and those that "although technically amendable, are 'made with the expectation that they will be the final word on the subject addressed.' " *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) *(quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 n.14 (1983)). Although all interlocutory orders are technically amendable under Rule 54(b),[3] an order will not be considered "inherently tentative" for purposes of collateral order analysis unless "a district court ordinarily would expect to reassess and revise such an order in response to events occurring 'in the ordinary course of litigation.' " *Id.* (quoting *Cone Mem'l Hosp.*, 460 U.S. at 13 n.14).

**[5]** *Batzel* held that the denial of an anti-SLAPP motion to strike is "conclusive as to whether the anti-SLAPP statute require[s] dismissal." 333 F.3d at 1025. In the language of

---

[3]*See* Fed. R. Civ. P. 54(b) (providing that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims").

*Gulfstream*, the denial of an anti-SLAPP motion is expected to be "the final word" on whether the statute's requirements are met. 485 U.S. at 277. By contrast, the grant of an anti-SLAPP motion with leave to amend is not "made with the expectation that [it] will be the final word" on the applicability of the statute. *Id.* In this case, for example, by granting leave to amend, the district court invited Greensprings to submit additional evidence that the Attorney defendants were motivated by malice—evidence which would, in turn, permit the court to reassess the propriety of granting the anti-SLAPP motion.

The Attorney defendants attempt to get around the inherent tentativeness of an order granted with leave to amend by characterizing the order as one that "conclusively determined the disputed question of whether, after being found to have brought a meritless SLAPP suit, Greensprings is nevertheless entitled to . . . an opportunity to amend." Appellants' Br. at 7. On this view, the "disputed question" in the district court's order was not whether the anti-SLAPP statute requires dismissal of the malicious prosecution action, but instead whether granting leave to amend is itself appropriate.

This attempt to re-characterize the order as conclusive by shifting the focus from the order's subject—whether the anti-SLAPP statute applies—to the order's form—whether leave to amend is appropriate—is unconvincing and inconsistent with our precedents. In *Does*, which the Attorney defendants attempt to invoke for support, anonymous plaintiffs, who feared retaliation if they revealed their true names, appealed an order granting a motion to dismiss their case with leave to amend their complaint to include their true names pursuant to Fed. R. Civ. P. 10(a). This court held that it had jurisdiction to hear their appeal under the collateral order doctrine, finding, with respect to conclusiveness, that "nothing in the district court's order suggests that the district court will reconsider its ruling that plaintiffs may not litigate this case under fictitious names." 214 F.3d at 1066. Thus, in *Does* the

disputed question on appeal was whether the plaintiffs could sue anonymously, not simply whether the district court could grant leave to amend.

Moreover, as a practical matter, the district court's decision in Does was final: plaintiffs faced the prospect of either amending their complaint to include their true names or allowing a final judgment to be entered against them from which they could appeal the anonymity issue—a strategy that, if unsuccessful, would forfeit their right to file a case under their real names. In the present case, by contrast, the Attorney defendants do not face any similar "Catch-22," *id.* at 1067, since they were the successful party on the motion below and appellee Greensprings is the party that must amend its complaint.

The Attorney defendants' focus on an order's form rather than its substance is likewise inconsistent with how our precedents have characterized the "disputed question" at issue in other collateral order appeals. *See, e.g.*, *Confederated Salish v. Simonich*, 29 F.3d 1398, 1403 (9th Cir. 1994) ("Here, the district court refused to abstain under [*Younger v. Harris*, 401 U.S. 37 (1971)]. This was a conclusive determination of the particular issue in dispute—whether to abstain under *Younger*.").

The Attorney defendants point to no precedent in which the only disputed question for purposes of collateral order appeal was the propriety of granting leave to amend. We have been unable to locate any such precedent from our own caselaw or that of our sister circuits, and we decline to embrace an interpretation of the first prong of the collateral order test so at odds with the Supreme Court's strong emphasis on the "stringent" nature of the test. *Will*, 546 U.S. at 349 (quoting *Digital Equip.*, 511 U.S. at 868).

## II

**[6]** Accordingly, we hold that we lack jurisdiction under the collateral order doctrine to entertain an appeal from the

portion of a district court's order granting a defendant's anti-SLAPP motion which gives a plaintiff leave to amend her complaint. We do not reach the merits of the Attorney defendants' claim that the district court erred by applying Rule 15(a) rather than California state law.

**DISMISSED AND REMANDED.**