MEMORANDUM *
“We review the denial of a motion to intervene as of right de novo.” Citizens for Balanced Use v. Mont. Wilderness Ass’n, 647 F.3d 898, 896 (9th Cir.2011).[1] However, factual findings made by the district court (in resolving the motion) are reviewed for clear error. See Ritter v. Morton, 518 F.2d 942, 949 (9th Cir.1975) (per curiam) (articulating general standard under Fed.R.Civ.P. 52(a)); accord Defenders of Wildlife v. Perciasepe, 714 F.3d 1317, 1322 (D.C.Cir.2013) (reviewing district court’s factual findings respecting motion to intervene as of right for clear error); Woolen v. Surtran Taxicabs, Inc., 684 F.2d 324, 334 (5th Cir.1982) (same). On the other hand, “[p]ermissive intervention is committed to the broad discretion of the district court and is therefore reviewed by this court for abuse of discretion.” Orange Cnty. v. Air Cal., 799 F.2d 535, 539 (9th Cir.1986). Finally, in reviewing a district court’s order denying a motion to intervene, “we look at the procedural posture of the case as it existed on that date.” League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1303 n. 2 (9th Cir.1997).
I.
Of the four requirements to grant intervention as of right, Fed.R.Civ.P. 24(a), the parties only dispute whether “the existing part[y] may not adequately represent the applicant’s interest.” Citizens for Balanced Use, 647 F.3d at 897 (internal quotation marks omitted). Adequacy of representation is determined by considering whether (1) “the interest of a present party is such that it will undoubtedly make all of a proposed intervenor’s arguments;” (2) “the present party is capable and willing to make such arguments; and” (3) “a proposed intervenor would [not] offer any necessary elements to the proceeding that other parties would neglect.” Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir.2003). Further, “[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises,” and “a compelling showing should be required to demonstrate inadequate representation.” Id.
The district court concluded that Rutter Hobbs & Davidoff (“RHD”) “adequately protected” Hyan’s interests. Specifically, it found that
RHD and Hyan share the same ultimate objective: first, to satisfy Hyan’s judgment as fully and expediently as possible, and second, to satisfy that judgment from the same source of funds — the ER-SIC insurance proceeds. The Settlement Agreement by its very terms obligates RHD to “use its best efforts to obtain the ERSIC Payment” on Hyan’s behalf. That RHD is capable and willing to make Hyan’s arguments is demonstrated by the fact that the arguments asserted in the present overlap in nearly every respect. Indeed, Hyan has not *889 described what “necessary elements” he would bring to these proceeding^] that RHD would neglect.
These factual findings created a presumption of adequacy, which Hyan failed to rebut. Contemporaneous with Hyan’s motion to intervene, RHD moved to disperse the interpleaded funds to Hyan. Their motions included arguments before the district court that “overlapped] in nearly every respect,” answering the Ara-kaki factors in favor of denying intervention. Not only was RHD capable and willing to make Hyan’s arguments, but RHD “undoubtedly” did make all of Hyan’s arguments. The district court also found that Hyan would not add any “necessary elements” to the proceeding. Hyan has failed to rebut these findings, which are not clearly erroneous. Therefore, RHD did adequately represent Hyan when he moved to intervene, and Hyan failed to meet all four requirements necessary to intervene as of right.[2]
To overcome this conclusion, Hyan requests that we consider events following the district court’s denial of its motion to intervene. However, we must consider the motion to intervene under “the procedural posture of the case as it existed” on the date the district court considered the motion. League of United Latin Am. Citizens, 131 F.3d at 1303 n. 2.[3] If there has been a change of circumstances, Hyan may bring his motion to intervene again. However, this court should not consider those circumstances before giving the district court the opportunity to do so.
II.
The Federal Rules of Civil Procedure vest discretion in a district court to permit intervention: “On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact.” Fed.R.Civ.P. 24(b)(1)(B). The court must also have “an independent basis for jurisdiction over the applicant’s claims.” Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir.1998). However, even if these requirements are met, “the district court has discretion to deny permissive intervention.” Id.
The district court did not abuse its discretion in denying Hyan’s motion to intervene under Rule 24(b)(1)(B), because, as concluded by the district court, Hyan’s “participation [would] not contribute to the development of the underlying factual issues or the equitable adjudication of the legal issues involved”; “Hyan’s intervention would [only] add ... emphasis to the position taken by RHD”; and “Hyan’s interests are adequately protected by RHD.” These reasons suffice. See, e.g., Dep’t of Fair Emp’t & Hous. v. Lucent Techs. Inc., 642 F.3d 728, 742 (9th Cir.2011) (permitting a district court to preclude intervention on issues where interve-nor-in-part was adequately represented by another party); Perry v. Schwarzenegger, 630 F.3d 898, 906 (9th Cir.2011) (per cu- *890 riam) (finding no abuse of discretion where district court denied permissive intervention because purported intervenors had no new arguments or evidence to contribute); Donnelly, 159 F.3d at 412 (upholding denial of permissive intervention where “allowing intervention would only serve to undermine the efficiency of the litigation process” (internal quotation marks omitted)).[4]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Whether a motion to intervene was timely filed is reviewed for abuse of discretion. Citizens for Balanced Use, 647 F.3d at 896. Here, the district court concluded that the motion was timely; no party challenges that holding on appeal.

. Although the dissent articulates a plausible alternative view of the settlement agreement, it is no more plausible than the district court’s view. As a result, the district court’s view "cannot be clearly erroneous." Anderson v. City of Bessemer, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.”).

. The dissent’s citation to United States v. Washington, 86 F.3d 1499, 1505 (9th Cir.1996), is unpersuasive. See dissent op. at 2. The purported intervenor in Washington sought, for the first time on appeal, "limited intervention” to appeal. Id. at 1505. This new attempt at intervention put the purported intervenor’s conduct following the district court’s decision at issue. Such is not the case here.

. Hyan also argued below and now argues on appeal (primarily in his Reply Brief) that Federal Rule of Civil Procedure 19 also necessitates his intervention. However, no party has sought Hyan's joinder under Rule 19, and the district court has made no decision under Rule 19. As a result, we do not consider Hyan’s arguments citing Rule 19. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999).