**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. P. HYAN, an individual, *Plaintiff-Appellant*, v. ROSSLYN BETH HUMMER, Esq., an individual; ERIC C. PETERSON, Esq., an individual; RUTTER HOBBS AND DAVIDOFF, INC., a corporation, *Defendants-Appellees.* | No. 14-56155<br><br>D.C. No. 2:14-cv-02004-GAF-FFM<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted June 7, 2016*
Pasadena, California

Filed June 14, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Stephen Reinhardt and Kim McLane Wardlaw, Circuit Judges and Edward R. Korman,[**] Senior District Judge.

Per Curiam Opinion

---

## SUMMARY[***]

---

### Anti-SLAPP

The panel dismissed for lack of appellate jurisdiction an appeal challenging the district court's order granting a motion to strike claims under California's anti-SLAPP statute, arising from an underlying California state court legal malpractice action.

The panel held that the order granting an anti-SLAPP motion was not a "final decision" over which the court could exercise jurisdiction because the order dismissed two of the defendants, but one defendant remained in district court.

The panel held that although the grant of an anti-SLAPP motion to strike is treated as final in California courts, under the *Erie* doctrine federal courts sitting in diversity apply federal procedural law, and Fed. R. Civ. P. 54(d) clearly states that the order on appeal here is not final. The panel also held that the grant of an anti-SLAPP motion to strike is

---

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

not reviewable under the collateral order doctrine because the grant of an anti-SLAPP motion to strike is fully reviewable on appeal from final judgment.

## COUNSEL

Suzelle M. Smith, Don Howarth, Padraic J. Glaspy, and Jessica L. Rankin, Howarth & Smith, Los Angeles, California, for Plaintiff-Appellant.

Laurence L. Hummer, Laurence L. Hummer, A Law Corporation, Los Angeles, California, for Defendants-Appellees.

**OPINION**

PER CURIAM:

J.P. Hyan sued multiple defendants, alleging that they have stymied his efforts to collect on a California state court legal malpractice judgment. The district court granted a motion filed by a defendant, appellee Rosslyn Beth Hummer, to strike Hyan's claims under California's anti-SLAPP statute, and Hyan appealed. Because the district court's order is not a "final decision" over which we may exercise appellate jurisdiction, nor is it immediately appealable under the collateral order doctrine, we dismiss the appeal for lack of jurisdiction.

**1**. Hyan, a former client of the now-defunct law firm Rutter Hobbes and Davidson ("RHD"), commenced a legal malpractice action against the firm and some of its attorneys in California court in 2010. The suit later settled for $7.5 million in March of 2012. RHD carried two malpractice insurance policies, a primary insurance policy with Liberty Surplus Insurance Company ("Liberty") in the amount of $5 million, and an excess policy with Executive Risk Speciality Insurance Company ("ERSIC") with a $5 million policy limit.

To date, however, Hyan has not been paid. It appears from the record that at least two of the firm's former attorneys, Hummer and Eric Peterson, are currently defendants in other malpractice actions that arose out of their work at RHD, and they have issued demands that the insurance companies defend them in these actions. Hyan alleges that he has not been paid as a result of the competing insurance claims. Hyan first attempted unsuccessfully to

intervene in an interpleader action commenced by ERSIC in the hopes of sorting out the competing claims to the insurance proceeds. *See Exec. Risk Specialty Ins. Co. v. Rutter Hobbes & Davidoff, Inc.*, 564 F. App'x 887 (9th Cir. 2014). He then filed his own lawsuit in California court against RHD, Liberty, Hummer, and Peterson, and the case was subsequently removed to federal court. Relevant to Hummer, Hyan alleges that her insurance demand induced Liberty and RHD to breach their contractual obligation to pay him under the March 2012 settlement. Hummer filed an anti-SLAPP motion to strike[1] Hyan's claims, which the district court granted without leave to amend. Hyan then appealed, although proceedings involving the remaining defendants have continued in the district court.

**2**. Before we may address the merits of Hyan's appeal, we must determine whether we have jurisdiction to do so. We "have jurisdiction to review 'final decisions' on the merits entered by the district courts." *Greensprings Baptist Christian Fellowship Trust v. Cilley*, 629 F.3d 1064, 1066 (9th Cir. 2010) (quoting 28 U.S.C. § 1291). A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *SEC*

---

[1] "California law provides for the pre-trial dismissal of certain actions, known as Strategic Lawsuits Against Public Participation, or SLAPPs, that masquerade as ordinary lawsuits but are intended to deter ordinary people from exercising their political or legal rights or to punish them for doing so." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (citation omitted). To prevail on such a motion, "the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech" or petition. *Id*. If the defendant makes this showing, the "burden then shifts to the plaintiff . . . to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal." *Id*.

*v. Capital Consultants LLC*, 453 F.3d 1166, 1170 (9th Cir. 2006) (quoting *Caitlin v. United States*, 324 U.S. 229, 233 (1945)).    Hyan argues that the district court's grant of Hummer's anti-SLAPP motion to strike is a "final decision," but the Federal Rules of Civil Procedure clearly state that "any order or other decision, however designated, that adjudicates fewer than all the claims or *the rights and liabilities of fewer than all the parties*" is not final.  Fed. R. Civ. Pro. 54(b) (emphasis added).  The order on appeal here dismissed two of the defendants named in Hyan's suit,[2] but one defendant, RHD, remains in district court.[3]  Accordingly, the order is not a "final decision" over which we may exercise jurisdiction.

Hyan's arguments in favor of the order's finality can be easily answered.  First, he notes that the grant of an anti-SLAPP motion to strike is treated as final in California courts.  *See* Cal. Civ. Proc. Code § 425.16(i).  Under the *Erie* doctrine, however, "it is long since settled that 'federal courts sitting in diversity apply state substantive law and federal procedural law.'"  *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1065 (9th Cir. 2003) (quoting *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003)).  Rule 54(b), which we must apply, clearly states that the order on appeal here is not final.

---

[2] The district court also granted Liberty's motion to dismiss for failure to state a claim in the same order in which it granted Hummer's anti-SLAPP motion.  Hyan does not at this juncture appeal the dismissal of his claims against Liberty.

[3] It appears from the district court docket that Hyan has dismissed Peterson entirely from the case.

Second, Hyan cites past cases in which this court reviewed a decision granting an anti-SLAPP motion to strike. *See, e.g.*, *Manufactured Home Cmties., Inc. v. Cnty. of San Diego*, 655 F.3d 1171 (9th Cir. 2011); *Vess v. Ciba-Giegy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). In each of those cases, however, the relevant order dismissed all defendants from the case, making the orders final. *See Manufactured Home Cmties.*, 655 F.3d at 1176; *Vess*, 317 F.3d at 1102. That this court has jurisdiction to review the grant of an anti-SLAPP motion to strike that is part of an appealable final decision, of course, does not suggest that the grant of an anti-SLAPP motion to strike is appealable when it is not.

Third, Hyan argues that such an order must be appealable because, under California law, the grant of an anti-SLAPP motion to strike must be appealed within 60 days. *See Russell v. Foglio*, 160 Cal. App. 4th 653, 659 (2008)). This argument suffers from the same *Erie* problem as Hyan's argument based on California Civil Procedure Code § 425.16(i). Under California law, the appeal clock begins to run upon a decision regarding the anti-SLAPP motion to strike because such a decision is "specifically, statutorily appealable." *Russell*, 160 Cal. App. 4th at 659. In federal court, by contrast, any non-final order may be appealed upon entry of judgment, even if the deadline to appeal the specific order has already elapsed. *Am. Ironworkers & Erectors, Inc. v. North Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) ("A necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment.").

**3**. Although addressed only cursorily in his brief, Hyan also asserts that the grant of an anti-SLAPP motion to reopen

is reviewable under the collateral order doctrine. The collateral order doctrine allows for "appeal from a 'narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system[,] nonetheless be treated as final.'" *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1171 (9th Cir. 2006) (alteration in original) (quoting *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). To qualify for immediate appeal under the collateral order doctrine, an order must satisfy three requirements: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [be] effectively unreviewable on appeal from a final judgment." *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

We need not discuss the first two requirements, however, because we hold that the grant of an anti-SLAPP motion to strike is fully reviewable on appeal from final judgment. The erroneous grant of an anti-SLAPP motion to strike can be fully remedied on appeal by remanding the case for proceedings on the wrongly-struck claim or claims. To be sure, waiting until final judgment to review an anti-SLAPP motion to strike may frustrate a plaintiff's interest in the efficient resolution of his dispute. Such a concern, however, does not merit use of the collateral order doctrine. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108–09 (2009) ("We routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system."). For this reason, the grant of a motion for qualified immunity is not appealable under the collateral order doctrine. *See Krug v. Lutz*, 329 F.3d 692, 694 n.2 (9th Cir. 2003).

As Hyan notes, we have previously held that the *denial* of an anti-SLAPP motion to strike is appealable under the collateral order doctrine. *See DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015–16 (9th Cir. 2013). It does not follow, however, that the grant of a motion to strike is as well. The denial of an anti-SLAPP motion to strike is not fully reviewable on appeal after final judgment because the statute provides an important right, "immunity from suit" that would be "effectively lost if a case is erroneously permitted to go to trial." *Id.* at 1015 (internal quotation marks omitted). No such loss of rights occurs when the review of a *grant* of an anti-SLAPP motion to strike is delayed until the appeal of final judgment.

Accordingly, the appeal is

**DISMISSED for LACK of JURISDICTION.**