**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEEDBASEDAPPS, LLC, | No. 15-55105 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01316-GW-JEM |
| v. | |
| ROBBINS RESEARCH INTERNATIONAL, INC.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| NEEDBASEDAPPS, LLC, | No. 15-55108 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01390-GW-JEM |
| v. | |
| ROBBINS RESEARCH INTERNATIONAL, INC. And ANTHONY ROBBINS, AKA "Tony", AKA Mahavorick Anthony Jay, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

George H. Wu, District Judge, Presiding

Submitted June 7, 2016[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

Plaintiff-Appellant NeedBasedApps ("NBA") filed these consolidated appeals from a district court judgment dismissing some, but not all, of NBA's claims pursuant to the grant of an anti-SLAPP[1] motion to strike filed by Defendant-Appellees Robbins Research International ("RRI"), Tony Robbins ("Robbins"), and Steven Doyle ("Doyle") (collectively, "Appellees").[2] We hold that we lack appellate jurisdiction over these appeals.

"[W]e have jurisdiction to determine our own jurisdiction . . . ." *Sareang Ye v. I.N.S.*, 214 F.3d 1128, 1131 (9th Cir. 2000). As we recently confirmed in *Hyan*

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] "SLAPP" stands for "Strategic Lawsuits against Public Participation." California Code of Civil Procedure § 425.16(b)(1) permits a defendant to file a motion to strike any "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution."

[2] Note that RRI initially cross-appealed from related district court orders denying RRI's motion to require NBA to post a bond to secure payment of the court's fee award to RRI (9th Cir. Appeal Nos. 15-55914, 15-55915). Both of these cross-appeals were voluntarily dismissed on January 5, 2016, pursuant to Federal Rule of Appellate Procedure 42.

-2-

*v. Hummer*, No. 14-56155, – F.3d –, 2016 WL 3254701 (9th Cir. June 14, 2016), an order granting an anti-SLAPP motion which leaves some claims pending against any defendant is not a "final decision" within the meaning of 28 U.S.C. §1291. *Id.* at *2 (reasoning that such an order does not 'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment'" (quoting *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1170 (9th Cir. 2006))). Because several claims remain pending against Appellees, the district court's partial dismissal of NBA's claims pursuant to Appellees' motion to strike was not a "final decision." 28 U.S.C. § 1291.

Nor is the court's order reviewable under the collateral order doctrine, which permits appellate review in the "narrow" circumstances in which a decision "do[es] not terminate the litigation, but must, in the interest of 'achieving a healthy legal system,' nonetheless be treated as 'final.'" *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68 (1994) (citation omitted). The doctrine applies only if the decision below (1) "conclusively determine[d] the disputed question," (2) "resolve[d] an important issue completely separate from the merits of the action," *and* (3) would be "effectively unreviewable on appeal from a final judgment." *Greensprings Baptist Christian Fellowship Trust v. Cilley*, 629 F.3d 1064, 1066 (9th Cir. 2010) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)).

A grant of an anti-SLAPP motion to strike fails the third requirement for application of the collateral order doctrine because it "is fully reviewable on appeal from final judgment." *Hyan*, 2016 WL 3254701, at *3.[3]  We have held that California's anti-SLAPP statute functions not only "as a defense against liability" but also as "an immunity from suit" and have accordingly treated it analogously to immunities like judicial or qualified immunity.  *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013).  An order *denying* immunity from suit is immediately appealable because such immunity is "effectively lost if a case is erroneously permitted to go to trial."  *Id.* at 1015 (internal quotation marks omitted); *see also Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003).  However, no comparable loss of rights occurs when immunity is, instead, granted.  *See, e.g.*, *Branson v. City of Los Angeles*, 912 F.2d 334, 335 (9th Cir. 1990).

---

[3]Though our disposition today is controlled by *Hyan*, we note that dismissal would be warranted for the independent reason that NBA's statement of jurisdiction exhibits insouciant non-compliance with our Federal Rule of Appellate Procedure ("FRAP") 28(a)(4).  *See In re O'Brien*, 312 F.3d 1135, 1136 (9th Cir. 2002) (dismissing an appeal for failure to comply with FRAP 28's "mandatory" requirements); *see also Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir. 2000).  NBA's statements of jurisdiction fail to identify any basis for subject-matter jurisdiction or the filing dates necessary to establish the timeliness of its appeals.  Fed. R. App. Proc. 28(a)(4).  Additionally, as explained herein, NBA fails to identify a valid basis for appellate jurisdiction.  These defects are inexcusable, particularly given that they were called to NBA's attention in Appellees' Answering Brief, yet NBA failed to take any action to correct them.

Because the district court's order was neither a "final decision" nor reviewable under the collateral order doctrine, we lack appellate jurisdiction.

Accordingly, this appeal is **DISMISSED for LACK of JURISDICTION**.