**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RLI INSURANCE COMPANY, an Illinois
Corporation,

          Plaintiff-counter-
          defendant-Appellant,

 v.

LANGAN ENGINEERING,
ENVIRONMENTAL, SURVEYING AND
LANDSCAPE ARCHITECTURE, D.P.C.,
a New York Professional Corporation;
LANGAN ENGINEERING AND
ENVIRONMENT SERVICES, INC., a
New York Professional Corporation,

          Defendants-counter-
          claimants-Appellees,

and

TREADWELL & ROLLO, INC., a
dissolved California Coporation,

          Defendant.

No.   19-17545

D.C. No. 3:19-cv-02022-SI

ORDER

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Before:  SCHROEDER, BYBEE, and R. NELSON, Circuit Judges.

RLI Insurance Company (RLI) appeals the district court's denial of its motion to strike Langan Engineering Company's (Langan) bad faith counterclaim pursuant to California's anti-SLAPP statute, Cal. Civ. Pro. § 425.16, in its suit against Langan for rescission of insurance contracts and recoupment.  Because the parties are fully familiar with the facts, we will not recite them here.  The district court had jurisdiction pursuant to 28 U.S.C. § 1332.  Despite Langan's arguments to the contrary, we have jurisdiction pursuant to 28 U.S.C. § 1291 and the collateral order doctrine.  We review *de novo* a district court's denial of an anti-SLAPP motion to strike.  *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010).  We affirm.

We have consistently exercised jurisdiction over denials of anti-SLAPP motions to strike pursuant to the collateral order doctrine.  *Batzel v. Smith*, 333 F.3d 1018, 1026 (9th Cir. 2003), *superseded in part by statute on other grounds as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766–67 (9th Cir. 2017); *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015–16 (9th Cir. 2013) (reaffirming *Batzel*'s holding that the collateral order doctrine applies to

anti-SLAPP motions).  Although Langan asserts that the denial of a *plaintiff*'s anti-SLAPP motion—as opposed to a *defendant*'s anti-SLAPP motion—is not immediately appealable as a collateral order, we have distinguished only between grants and denials of anti-SLAPP motions, rather than the party bringing the motion.  *Compare Batzel*, 333 F.3d at 1024–26 (finding that a *denial* of an anti-SLAPP motion to strike is immediately appealable because an erroneous denial is effectively unreviewable on appeal and the statutory interest in immunity from suit cannot be remedied on final appeal), *with Hyan v. Hummer*, 825 F.3d 1043, 1047 (9th Cir. 2016) (per curiam) (finding that a *grant* of an anti-SLAPP motion is not immediately appealable because it is "fully reviewable" and an erroneous grant "can be fully remedied on appeal by remanding the case").  Thus, we have exercised jurisdiction over the denial of a plaintiff's anti-SLAPP motion to strike.  *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).[1]  We have jurisdiction over the denial of RLI's anti-SLAPP motion to strike.

---

[1] Neither of Langan's attempts to distinguish *Maekaeff* have merit. Regardless of whether appellate jurisdiction was contested by the parties, we found that we had jurisdiction over the denial of the anti-SLAPP motion. *Makaeff*, 715 F.3d at 261.  Additionally, the absence in *Makaeff* of an analysis of whether a plaintiff has a substantive "right not to be tried" frames the issue incorrectly.  It is true that we have sometimes framed the right provided by the anti-SLAPP statute as "an immunity from suit," but this immunity serves only to prevent a movant from being forced to litigate meritless claims and does not create total immunity from suit.  *See Batzel*, 333 F.3d at 1025.

The district court did not err in denying RLI's motion to strike Langan's bad faith counterclaim. California's anti-SLAPP statute subjects causes of action "arising from any act . . . in furtherance of the person's right of petition or free speech" to a special motion to strike, unless the claimant demonstrates a probability of success on the merits. Cal. Civ. Code § 425.16(b)(1). In considering an anti-SLAPP motion, we engage in a two-part inquiry, first inquiring whether the claim arises from protected activity and, if so, whether the claimant has demonstrated a probability of success on the claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). Activity protected by the statute includes filing litigation. Cal. Civ. Code § 425.16(e); *see Navellier v. Sletten*, 29 Cal. 4th 82, 90 (2002). Although Langan's bad faith counterclaim references RLI's lawsuit, the claim is not "based on" RLI's protected activity of filing suit. *See City of Cotati v. Cashman*, 29 Cal. 4th 69, 76–77 (2002) ("[T]he mere fact an action was filed after protected activity took place does not mean it arose from that activity."). Langan's counterclaim is based on an alleged underlying course of bad faith conduct broader than RLI's complaint alone, making reference to RLI's suit merely "*evidence* related to liability." *See Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1065 (2017) (emphasis in original). Langan's counterclaim thus

4

does not "arise from" RLI's protected activity of filing suit and is not subject to an anti-SLAPP motion to strike.

Because Langan's bad faith counterclaim does not arise from protected activity, we do not reach Langan's probability of success on the merits. The district court did not err in denying RLI's motion to strike.

AFFIRMED.