

**FILED**

JUN 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GIL MEDINA, an individual, | No. 19-56042 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08797-ODW-AGR |
| v. | |
| GLORIA HINOJOSA, an individual; AMSTEL EISENSTADT FRAZIER AND HINOJOSA TALENT AGENCY, a California corporation; ROBERT RODRIGUEZ, an individual; MACHETE KILLS, LLC, a Texas limited liability company; EL CHINGON, INC., a Texas corporation; TROUBLEMAKER STUDIOS, L.P., a Texas limited partnership; QUICK DRAW PRODUCTIONS, LLC, a Texas limited liability company, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 17, 2021 []
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Gil Medina appeals pro se from the district court's judgment in a business tort action he and his company, ITN Flix, LLC (ITN),[1] brought against the Rodriguez Defendants[2] and the Hinojosa Defendants.[3]  The district court granted in part the Rodriguez Defendants' anti-SLAPP[4] motion to strike portions of Medina's original complaint, and dismissed the action for failure to prosecute.  We affirm.

The district court did not abuse its discretion when it dismissed the action for failure to prosecute.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); Fed. R. Civ. P. 41(b); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).  Medina does not dispute that his 14-month delay in filing an amended complaint was unreasonable, and the district court correctly identified and reasonably weighed the five relevant factors before

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] We previously dismissed ITN's appeal.

[2] Robert Rodriguez; Machete Kills, LLC; El Chingon, Inc.; Troublemaker Studios, L.P.; and Quick Draw Productions, LLC.

[3] Gloria Hinojosa and Amsel, Eisenstadt, Frazier & Hinojosa Talent Agency.

[4] Strategic lawsuit against public participation.  *See* Cal. Civ. Proc. Code § 425.16(b)(1).

dismissing. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020). The district court correctly recognized that "'[t]he public's interest in expeditious resolution of litigation always'" weighs in favor of dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Likewise, the risk of prejudice to the defendants weighed in favor of dismissal, particularly in light of Medina's unreasonable and unexcused delay. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Medina agreed that the district court was in the best position to evaluate the effects on its docket,[5] and we decline to entertain Medina's newly-minted argument on this factor.[6] Finally, the district court expressly considered less-drastic alternatives to dismissal,[7] and Medina has not argued that any other sanction was more suitable.[8] Because the district court reasonably determined that four factors weighed in favor of dismissal, it did not abuse its discretion by dismissing the case. *See Yourish*, 191 F.3d at 990.

---

[5] *Yourish*, 191 F.3d at 991.

[6] *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

[7] *Anderson v. Air W. Inc.*, 542 F.2d 522, 525–26 (9th Cir. 1976).

[8] *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

In light of the dismissal for failure to prosecute, we decline to review the district court's order granting in part the Rodriguez Defendants' anti-SLAPP motion. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996); *see also Hyan v. Hummer*, 825 F.3d 1043, 1046–47 (9th Cir. 2016) (per curiam); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070–71 (9th Cir. 2012).

**AFFIRMED.**