**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, *Plaintiff-Appellee,* | No. 14-55539 |
| v. | D.C. No. 2:13-cv-02504-GW-JC |
| ROBERT W. HIRSH, *Defendant-Appellant,* | OPINION |
| and | |
| VISEMER DE GELT, LLC, *Defendant.* | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 8, 2016
Pasadena, California

Filed August 3, 2016

Before: Alex Kozinski, Ronald M. Gould,
and Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Kozinski;
Concurrence by Judge Gould

## SUMMARY[*]

### California Anti-SLAPP Statute

The panel affirmed the district court's denial of Robert Hirsh's special motion under the California anti-strategic lawsuit against public participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16, to strike the second amended complaint filed by Travelers Casualty Insurance Company of America.

Hirsh alleged that Travelers' claims arose out of his representation of Travelers' insured, Visemer De Gelt, as *Cumis* counsel; and his activity was therefore protected under the anti-SLAPP statute.

The panel held that because Travelers' causes of action for declaratory judgment, unjust enrichment, breach of Cal. Civ. Code § 2860(d), and concealment were not based on an act in furtherance of Hirsh's right of petition or free speech, they did not "arise from" protected activity. The panel also held that Travelers established a probability of prevailing on the merits sufficient to survive a motion to strike. The panel further held that California's litigation privilege, Cal. Civ. Code § 47(b), did not bar the suit because the causes of action

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

arose from Hirsh's post-settlement conduct, not his communications with De Gelt in settling a prior lawsuit. Finally, the panel held that it did not have jurisdiction to review Hirsh's challenge to the district court's striking count two, alleging breach of a defense handling agreement, because the denial was without prejudice, and there was no final order as to the claim.

Judge Kozinski, joined by Judge Gould, concurred to emphasize that the existing caselaw is wrong, and he would urge the court to follow the D.C. Circuit's holding in *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015), that anti-SLAPP motions do not belong in federal court because they directly conflict with the Federal Rules of Civil Procedure. At the very least, Judge Kozinski would urge the court to reconsider the holding in *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003), which allows defendants who lose anti-SLAPP motions to bring an immediate interlocutory appeal.

Concurring, Judge Gould joined the per curiam opinion, concurred in Judge Kozinski's separate concurrence, and receded from his previous position joining in part the *Batzel* precedent.

**COUNSEL**

Brandon Scott Reif (argued) and Marc S. Ehrlich, Winget Spadafora & Schwartzberg, LLP, Los Angeles, California, for Defendant-Appellant.

Andrew R. McCloskey (argued), McCloskey, Waring & Waisman LLP, San Diego, California; Heather L. McCloskey, McCloskey, Waring & Waisman LLP, El Segundo, California; for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

In this diversity suit, Robert W. Hirsh appeals the denial of his special motion under the California anti-strategic lawsuit against public participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16, to strike the second amended complaint filed by Travelers Casualty Insurance Company of America ("Travelers"). We affirm.

**1.** Notwithstanding that the denial of the anti-SLAPP motion did not give rise to what traditionally would be deemed a final judgment (one resolving all claims in a suit), our precedents establish our jurisdiction to consider this appeal. "Because California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well." *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003). We therefore have held that the denial of an anti-SLAPP motion is "an appealable final decision within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.*

at 1026; *see also DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015–16 (9th Cir. 2013) (affirming appealability of denial of California anti-SLAPP motion after *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)). We therefore turn to the merits of this appeal.

**2.** Hirsh maintains that Travelers' claims arise out of his representation of Travelers' insured, Visemer De Gelt ("VDG"), as *Cumis* counsel. *See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 208 Cal. Rptr. 494, 496 (Ct. App. 1984); *see also* Cal. Civ. Code § 2860 (implementing *Cumis* rule). He contends that his activity was therefore protected under the anti-SLAPP statute. *See Thayer v. Kabateck Brown Kellner LLP*, 143 Cal. Rptr. 3d 17, 27 (Ct. App. 2012) ("Numerous cases have held that the SLAPP statute protects lawyers sued for litigation-related speech and activity."). However, Travelers' claims do not involve Hirsh's representation of VDG in the prior suit, but rather his allegedly wrongful retention of settlement funds without off-setting the fees he charged to Travelers. *See Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 35 Cal. Rptr. 3d 31, 40 (Ct. App. 2005) (stating that anti-SLAPP statute does not apply when "protected conduct is 'merely incidental' to the unprotected conduct" (citation omitted)); *see also Coretronic Corp. v. Cozen O'Connor*, 121 Cal. Rptr. 3d 254, 261 (Ct. App. 2011) (holding that gravamen of complaint was attorneys' failure to disclose dual representation and that "the concealment occurred in the context of litigation" did not turn it into protected activity). Because Travelers' causes of action for declaratory judgment, unjust enrichment, breach of Cal. Civ. Code § 2860(d), and concealment are not "*based on* an act in furtherance of [Hirsh's] right of petition or free speech," *Peregrine Funding*, 35 Cal. Rprt. 3d at 38 (quoting *City of Cotati v. Cashman*,

52 P.3d 695, 701 (Cal. 2002)), they do not "arise from" protected activity.

**3.** "[A]ccepting as true the evidence favorable to the plaintiff and evaluating the defendant's evidence only to determine whether the defendant has defeated the plaintiff's evidence as a matter of law," Travelers "has made a prima facie showing of facts supporting [its] cause[s] of action," so as to establish a probability of prevailing on the merits sufficient to survive the motion to strike. *Lefebvre v. Lefebvre*, 131 Cal. Rptr. 3d 171, 174 (Ct. App. 2011).

**a)** Travelers filed this suit only after Hirsh sought to compel arbitration in search of further fees from the insurer. This filing created an actual controversy supporting Travelers' request for declaratory relief. *See Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998) (discussing scope of relief available under Declaratory Judgment Act, 28 U.S.C. § 2201).

**b)** Travelers alleges that Hirsh received funds from the settlement of the prior lawsuit and unjustly retained them without providing Travelers a setoff in the fees it owed Hirsh. This shows the "minimum level of legal sufficiency and triability," *Linder v. Thrifty Oil Co.*, 2 P.3d 27, 33 n.5 (Cal. 2000), necessary to survive the motion to strike, *see also Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000) (stating the "elements for a claim of unjust enrichment: receipt of a benefit and unjust retention of the benefit at the expense of another").

**c)** Travelers also alleges that Hirsh failed to disclose material, non-privileged information regarding the amendment of the settlement in the prior lawsuit. These

allegations state a claim under the *Cumis* statute, *see* Cal. Civ. Code § 2860(d) (requiring independent counsel "to disclose to the insurer all information concerning the action except privileged materials relevant to coverage disputes, and timely to inform and consult with the insurer on all matters relating to the action"), and for concealment, *see Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 890 (Ct. App. 2011) (setting forth elements for "an action for fraud and deceit based on concealment" (citation omitted)).

**4.**  Because the causes of action at issue arise from Hirsh's post-settlement conduct, not his communications with VDG in settling the prior lawsuit, California's litigation privilege, Cal. Civ. Code § 47(b), does not bar this suit.  *See Rusheen v. Cohen*, 128 P.3d 713, 719 (Cal. 2006) (holding that "the litigation privilege protects only publications and communications," and that "[t]he distinction between communicative and noncommunicative conduct hinges on the gravamen of the action").

**5.**  We do not have jurisdiction to review Hirsh's challenge to the district court's striking count two, alleging breach of a defense handling agreement, because the denial was without prejudice, and there is no final order as to this claim.  *See Hyan v. Hummer*, No. 14-56155, 2016 WL 3254701, at *2 (9th Cir. June 14, 2016) (per curiam).

**AFFIRMED.**[1]

---

[1] Hirsh's Motion for Leave to File Supplemental Reply Brief is **GRANTED.**

KOZINSKI, Circuit Judge, with whom Circuit Judge
GOULD joins, concurring:

I must join because the opinion faithfully applies our
circuit's precedents, which accord federal-court defendants
the procedural advantages of California's anti-SLAPP law.
*See Batzel* v. *Smith*, 333 F.3d 1018, 1024–26 (9th Cir. 2003);
*United States ex rel. Newsham* v. *Lockheed Missles & Space
Co.*, 190 F.3d 963, 970–73 (9th Cir. 1999). But I write once
again to emphasize that our caselaw is wrong: These
interloping state procedures have no place in federal court.
*See Makaeff* v. *Trump Univ., LLC*, 715 F.3d 254, 272 (9th
Cir. 2013) (Kozinski, C.J., concurring).

Our precedents have not aged with grace. Ever since we
allowed them to take root, anti-SLAPP cases have spread like
kudzu through the federal vineyards. A casual Westlaw
search suggests that such cases have more than tripled over
the last ten years.[1] And nowhere are anti-SLAPP cases more
common than in the Ninth Circuit: The Westlaw data suggest
that courts in our circuit have heard 80 percent of these cases
over the same decade.[2] In other words, 80 percent of the
problem is right here.

---

[1] A Westlaw search of federal cases by year for the term "anti-SLAPP,"
performed on July 11, 2016, generated 43 hits for 2006 and 138 hits for
2015. The number of hits rises more-or-less steadily in the intervening
years.

[2] Of the 994 hits on Westlaw for the term "anti-SLAPP" in federal courts
between the start of 2006 and the end of 2015, 797 of them (80.2%) were
in dispositions from courts in the Ninth Circuit. Appeals are up too.
According to our clerk's office, the Ninth Circuit inventoried an average
of 13.6 anti-SLAPP appeals per year from 2011 to 2015. We inventoried
an annual average of 7.4 from 2006 to 2010, and an average of 3 per year
from 2001 to 2005.

Fortunately, other circuits are starting to recognize this problem for what it is. When our court last considered the place of anti-SLAPP motions in federal court, some of our colleagues saw unanimity among our sister circuits and were reluctant to create a split. *See Makaeff* v. *Trump Univ., LLC*, 736 F.3d 1180, 1187 (9th Cir. 2013) (Wardlaw and Callahan, JJ., concurring in the denial of rehearing en banc). We can stop worrying: The D.C. Circuit has reached the overdue conclusion that anti-SLAPP motions don't belong in federal court because they directly conflict with the Federal Rules of Civil Procedure. *Abbas* v. *Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015). Now we've got a circuit split, and we're standing on the wrong side.

It's time to get it right. We should follow the D.C. Circuit's lead in giving these trespassing procedures the boot. At the very least, we should reassess whether defendants who lose on their anti-SLAPP motions have the right to an immediate appeal. Either would be a welcome step toward cleaning up our docket and securing the border between state and federal law.

Let's review the basics: Every first-year law student learns (or is supposed to learn) that federal courts in diversity cases apply state law to substantive questions. Was the contract breached? Was the accident negligent? *See Erie R.R.* v. *Tompkins*, 304 U.S. 64, 78–79 (1938). But procedural questions are different. When the state law directly conflicts with one of the Federal Rules, the outcome is simple: The Federal Rules trump.[3]

---

[3] The Federal Rule will trump as long as it complies with the Rules Enabling Act, and the Supreme Court has held that a Rule will do so if it "really regulates procedure." *Sibbach* v. *Wilson & Co.*, 312 U.S. 1, 14 (1941). No Federal Rule has ever failed the *Sibbach* test.

California's anti-SLAPP law directly conflicts with Federal Rule 12, which provides a one-size-fits-all test for evaluating claims at the pleading stage. To survive a 12(b)(6) motion to dismiss, a plaintiff's complaint has to state a claim that is "plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). California, on the other hand, gives defendants a "special motion to strike" any claims that arise from protected speech activities. Cal. Civ. Proc. Code § 425.16(b)(1). To survive this motion, a plaintiff must show that he has a "probability" of succeeding on the underlying claim. *Id.* This requires demonstrating that the claim is legally sufficient and "supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson* v. *Parker, Covert & Chidester*, 50 P.3d 733, 739 (Cal. 2002) (citations omitted).

In short, "probability" is a much higher bar than "plausibility": California's special motion requires supporting evidence at the pleading stage; Rule 12 doesn't. That's a problem because the Supreme Court has decided that the plausibility standard *alone* strikes the right balance between avoiding wasteful litigation and giving plaintiffs a chance to prove their claims. *See Twombly*, 550 U.S. at 556; *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009). The Supreme Court's balance might be the wrong one, of course, but that's not something that the state of California gets to decide. The plausibility standard isn't a floor or a ceiling from which we can depart. Using California's standard in federal court means that some plaintiffs with plausible claims will have their cases dismissed before they've had a chance to gather supporting evidence. It's obvious that the two standards conflict.

But it wasn't so obvious to our court. In *Newsham*, we erroneously reasoned that Rule 12 and the California statute were at peace because a defendant could still bring a Rule 12 motion if his special motion to strike was unsuccessful. 190 F.3d at 972. But what's the point? If a plaintiff survives an anti-SLAPP motion by showing that his claim is legally sufficient *and* has a probability of success, how could he lose on a Rule 12 motion that requires him to show mere plausibility? He can't.

Our acceptance of anti-SLAPP special motions was bad enough, but we made the problem worse by allowing defendants to bring interlocutory appeals. *See Batzel*, 333 F.3d at 1024–26. This case is a perfect example of the consequences of that decision. Robert Hirsh appealed to our court after the district court denied his meritless motion to strike. That was in the spring of 2014. Two years and a few hundred billable hours later, we're sending the case back for the district court to pick up right where it left off.

To avoid these pointless and costly detours, parties usually get to appeal only once, after the district court has entered its final judgment. *See Mohawk Indus. Inc.* v. *Carpenter*, 558 U.S. 100, 106 (2009). The collateral order doctrine provides an exception, but only a select number of decisions are supposed to get into this exclusive club. *See Dig. Equip. Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863, 867–68 (1994). Despite many efforts to expand the guest list, the Supreme Court has kept the collateral order doctrine "narrow and selective in its membership." *Will* v. *Hallock*, 546 U.S. 345, 350 (2006). Undaunted by the Supreme Court's repeated warnings, our circuit has welcomed anti-SLAPP appeals with open arms. *Batzel*, 333 F.3d at

1024–26; *see also DC Comics* v. *Pac. Pictures Corp.*, 706 F.3d 1009, 1012–16 (9th Cir. 2013) (reaffirming *Batzel*).

But this inclusive spirit was a mistake.  A collateral order is supposed to meet three requirements:    It must be "conclusive"; it must "resolve important questions completely separate from the merits"; and it must be "effectively unreviewable" after final judgment. *Dig. Equip. Corp.*, 511 U.S. at 867.  A decision on the motion to strike fails the latter two of the three.[4]

Anti-SLAPP motions have the merits painted all over them.    California's statute asks us to determine whether "there is a probability that the plaintiff will prevail on the claim."  Cal. Civ. Proc. Code § 425.16(b)(1).  This can mean only one thing: an evaluation of the merits. *Batzel* tried to explain away this unfortunate textual obstacle by musing mysteriously that a court denying an anti-SLAPP motion is "merely find[ing] that such merits may exist, without

---

[4] We can see that anti-SLAPP motions are a poor fit for the collateral order doctrine by considering the three requirements or simply by comparing these motions to others that the Supreme Court has said are immediately appealable.  For example, claims of absolute immunity qualify because they present the legal question of whether the defendant is in a class of people that can't be sued in the first place. *See Nixon* v. *Fitzgerald*, 457 U.S. 731, 741–43 (1982).  The same is true for some qualified immunity determinations.  We accept interlocutory appeals to determine whether a law that a government actor allegedly violated was clearly established at the time. *See Mitchell* v. *Forsyth*, 472 U.S. 511, 526–27 (1985).  But in answering this purely legal question, we don't address the merits of the underlying suit—that is, whether the official actually broke the law.  In contrast, interlocutory appeals are not allowed from qualified immunity determinations that turn on factual disputes—for example, whether a specific police officer had taken part in the plaintiff's beating—because the question posed is intertwined with the merits of the case. *See Johnson* v. *Jones*, 515 U.S. 304, 313–14 (1995).

evaluating whether the plaintiff's claim will succeed." 333 F.3d at 1025. Ponder that. Perhaps a poet[5] can explain how a determination that the merits exist can be "completely separate" from those merits. But our circuit hasn't done it yet.

And it can't. Our experience with these cases has shown us that they require an "exhaustive analysis of the merits." *See Makaeff*, 736 F.3d at 1190 (Watford, J., dissenting from the denial of rehearing en banc). An exhaustive (and exhausting) detour is exactly what the final judgment rule is designed to avoid. Interlocutory appeals make it hard for a district court to supervise a trial. *Johnson*, 515 U.S. at 309. They undermine the efficient administration of justice when, as here, a meritless appeal stalls a case for years. *See Mohawk Indus.*, 558 U.S. at 106. And they ask our court to dive headlong into the merits of a case only to swim back, years later, when it's finally appealed from final judgment.

Of course, if our precedents are correct, we *must* take interlocutory appeals from the denial of anti-SLAPP motions because they would be effectively unreviewable after final judgment. *Batzel*, 333 F.3d at 1025. But we don't need to look very far to see that this holding is completely out of step with how we treat similar orders. After all, the denial of a 12(b)(6) motion isn't immediately appealable, and Rule 12 and California's anti-SLAPP statute serve a common purpose: eliminating frivolous or bullying claims before the parties pay through the nose in discovery and suffer the other

---

[5] As Juan Antonio puts it in Woody Allen's *Vicky Cristina Barcelona*: "It's funny. Maria Elena and I, we are meant for each other and not meant for each other. It's a contradiction. I mean, in order to understand it, you need a poet, like my father. Because I don't." *Vicky Cristina Barcelona* (The Weinstein Company 2008).

indignities of a trial. Nobody suggests that the district court's decision denying a 12(b)(6) motion is "effectively unreviewable" at the end of the case because the defendant has to incur an extra cost to get there. But that's exactly the reasoning our court has adopted to allow immediate appeals from denials of anti-SLAPP motions.

In *Batzel*, we made anti-SLAPP motions sound more impressive by asserting that they gave defendants a form of "immunity" from suit. 333 F.3d at 1025. Because immunity would be useless if the defendant had to wait to appeal, we found that denying a special motion would indeed be "effectively unreviewable" after final judgment. *Id.* The suggestion that California had granted certain defendants immunity from suit should have immediately put us on high alert, because claims of a "right not to be tried" are supposed to be viewed "with skepticism, if not a jaundiced eye." *Dig. Equip.*, 511 U.S. at 873. And we should have been especially skeptical here because the statute itself makes no mention of immunity. Cal. Civ. Proc. Code § 425.16. Either way, tossing around the magic word immunity shouldn't distract us from the substantive point: What does an anti-SLAPP motion confer that Rule 12 doesn't? While they're different in degree, both procedures save a defendant from a costly lawsuit when the plaintiff's complaint hasn't met a threshold standard. Both are about reducing the incentive to bring frivolous claims. Defendants who claimed that Rule 12 provided them with "immunity from suit" would get laughed at. Anti-SLAPP defendants who make the same claim should be treated no differently.

Some of our recent decisions have started to turn the tide against these encroaching state procedures. In *Metabolife International, Inc.* v. *Wornick*, we held that a provision of the

law that stayed discovery while a special motion was being decided conflicted with Federal Rule of Civil Procedure 56(f)'s discovery requirement and didn't belong in federal court.  264 F.3d 832, 846 (9th Cir. 2001).  And we recently pulled another tooth from the law, holding that federal plaintiffs can't immediately appeal some *grants* of special motions because doing so would conflict with Rule 54(b)'s definition of appealable final orders.  *Hyan* v. *Hummer*, No. 14-56155, slip op. at 5–8 (9th Cir. June 14, 2016) (per curiam).

Now it's time to deliver the coup de grâce. We were wrong in *Newsham* and *Batzel*, and wrong not take *Makaeff* en banc to reverse them.  But it's not too late to correct these mistakes.  Cases like this one have no place on our docket, and we should follow the D.C. Circuit in extirpating them.  Our ink and sweat are better spent elsewhere.

GOULD, Circuit Judge, concurring:

I join the per curiam opinion.  I also concur in Judge Kozinski's separate concurrence taking issue with circuit precedent permitting defendants in federal court to take advantage of California's anti-SLAPP law.  Although I previously joined in part the *Batzel* precedent that is challenged by Judge Kozinski, and my partial dissent did not disagree on the majority's application there of collateral order doctrine to permit appeal of denial of anti-SLAPP motion, I am now persuaded by Judge Kozinski's reasoning, as well as that of the D.C. Circuit in *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015), that an anti-SLAPP motion has no proper place in federal court in light of the

Federal Rules of Civil Procedure, and also that the collateral order doctrine does not provide a good fit for immediate appeal of denial of anti-SLAPP motions. Having recognized that there was error in the position that I previously joined, I recede from it.