KOZINSKI, Circuit Judge, concurring: Our decision in United States ex rel. Newsham v. Lockheed Missiles & Space Co. paved the way for defendants in diversity cases to raise anti-SLAPP motions under California law. See 190 F.3d 963, 972-73 (9th Cir. 1999). I'm duty-bound to follow Newsham and thus join today’s disposition. But, as I’ve explained at length elsewhere, our decision to allow anti-SLAPP motions into federal court conflicts with Supreme Court precedent and permits California to override the Federal Rules of Civil Procedure—a hijacking' of Congress’ plenary power. See Makaeff v. Trump Univ., LLC, 715 F.3d 254, 272-75 (9th Cir. 2013) (Kozinski, C.J., concurring); Travelers Cas. Ins. Co. of Am. v. Hirsh, 831 F.3d 1179, 1182-86 (9th Cir. 2016) (per curiam) (Kozinski, J., concurring); see also id. at 1186 (Gould, J., concurring); Cuba v. Pylant, 814 F.3d 701, 718-21 (5th Cir. 2016) (Graves, J., dissenting); Abbas v. Foreign Policy Grp., LLC, 783 F.3d 1328, 1333-37 (D.C. Cir. 2015) (Kavanaugh, J.); Makaeff v. Trump Univ., LLC, 736 F.3d 1180, 1188-92 (9th Cir. 2013) (Watford, J., dissenting from the denial of rehearing en banc). Two decades with anti-SLAPP motions as a scourge on our docket is penance enough for our blunder in Newsham. It’s high time for a course correction.