Concurrence by Judge KOZINSKI;
Concurrence by Judge GOULD
OPINION
PER CURIAM:
In this diversity suit, Robert W. Hirsh appeals the denial of his special motion under the California anti-strategic lawsuit against public participation (“anti-SLAPP”) statute, Cal. Civ. Proc. Code § 425.16, to strike the second amended complaint filed by Travelers Casualty Insurance Company of America (“Travelers”). We affirm.
1. Notwithstanding that the denial of the anti-SLAPP motion did not give rise to what traditionally would be deemed a final judgment (one resolving all claims in a suit), our precedents establish our *1181 jurisdiction to consider this appeal. “Because California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well.” Batzel v. Smith, 333 F.3d 1018, 1025-26 (9th Cir. 2003). We therefore have held that the denial of an anti-SLAPP motion is “an appealable final decision within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.” Id. at 1026; see also DC Comics v. Pac. Pictures Corp., 706 F.3d 1009, 1015-16 (9th Cir. 2013) (affirming appealability of denial of California anti-SLAPP motion after Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009)). We therefore turn to the merits of this appeal.
2. Hirsh maintains that Travelers’ claims arise out of his representation of Travelers’ insured, Visemer De Gelt (“VDG”), as Cumis counsel. See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc’y, Inc., 162 Cal.App.3d 358, 208 Cal. Rptr. 494, 496 (1984); see also Cal. Civ. Code § 2860 (implementing Cumis rule). He contends that his activity was therefore protected under the anti-SLAPP statute. See Thayer v. Kabateck Brown Kellner LLP, 207 Cal.App.4th 141, 143 Cal.Rptr.3d 17, 27 (2012) (“Numerous cases have held that the SLAPP statute protects lawyers sued for litigation-related speech and activity.”). However, Travelers’ claims do not involve Hirsh’s representation of VDG in the prior suit, but rather his allegedly wrongful retention of settlement funds without offsetting the fees he charged to Travelers. See Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, 133 Cal.App.4th 658, 35 Cal.Rptr.3d 31, 40 (2005) (stating that anti-SLAPP statute does not apply when “protected conduct is ‘merely incidental’ to the unprotected conduct” (citation omitted)); see also Coretronic Corp. v. Cozen O’Connor, 192 Cal.App.4th 1381, 121 Cal.Rptr.3d 254, 261 (2011) (holding that gravamen of complaint was attorneys’ failure to disclose dual representation and that “the concealment occurred in the context of litigation” did not turn it into protected activity). Because Travelers’ causes of action for declaratory judgment, unjust enrichment, breach of Cal. Civ. Code § 2860(d), and concealment are not “based on an act in furtherance of [Hirsh’s] right of petition or free speech,” Peregrine Funding, 35 Cal. Rptr.3d at 38 (quoting City of Cotati v. Cashman, 29 Cal.4th 69, 124 Cal.Rptr.2d 519, 52 P.3d 695, 701 (2002)), they do not “arise from” protected activity.
3. “[Accepting as true the evidence favorable to the plaintiff and evaluating the defendant’s evidence only to determine whether the defendant has defeated the plaintiffs evidence as a matter of law,” Travelers “has made a prima facie showing of facts supporting [its] cause[s] of action,” so as to establish a probability of prevailing on the merits sufficient to survive the motion to strike. Lefebvre v. Lefebvre, 199 Cal.App.4th 696, 131 Cal.Rptr.3d 171, 174 (2011).
a) Travelers filed this suit only after Hirsh sought to compel arbitration in search of further fees from the insurer. This filing created an actual controversy supporting Travelers’ request for declaratory relief. See Calderon v. Ashmus, 523 U.S. 740, 745-46, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) (discussing scope of relief available under Declaratory Judgment Act, 28 U.S.C. § 2201).
b) Travelers alleges that Hirsh received funds from the settlement of the prior lawsuit and unjustly retained them without providing Travelers a setoff in the fees it owed Hirsh. This shows the “minimum level of legal sufficiency and triability,” Linder v. Thrifty Oil Co., 23 Cal.4th 429, 97 Cal.Rptr.2d 179, 2 P.3d 27, 33 n.5 (2000), necessary to survive the motion to strike, see also Lectrodryer v. SeoulBank, *1182 77 Cal.App.4th 723, 91 Cal.Rptr.2d 881, 883 (2000) (stating the “elements for a claim of unjust enrichment: receipt of a benefit and unjust retention of the benefit at the expense of another”).
c) Travelers also alleges that Hirsh failed to disclose material, non-privileged information regarding the amendment of the settlement in the prior lawsuit. These allegations state a claim under the Cumis statute, see Cal. Civ. Code § 2860(d) (requiring independent counsel “to disclose to the insurer all information concerning the action except privileged materials relevant to coverage disputes, and timely to inform and consult with the insurer on all matters relating to the action”), and for concealment, see Boschma v. Home Loan Ctr., Inc., 198 Cal.App.4th 230, 129 Cal.Rptr.3d 874, 890 (2011) (setting forth elements for “an action for fraud and deceit based on concealment” (citation omitted)).
4. Because the causes of action at issue arise from Hirsh’s post-settlement conduct, not his communications with VDG in settling the prior lawsuit, California’s litigation privilege, Cal. Civ. Code § 47(b), does not bar this suit. See Rusheen v. Cohen, 37 Cal.4th 1048, 39 Cal.Rptr.3d 516, 128 P.3d 713, 719 (2006) (holding that “the litigation privilege protects only publications and communications,” and that “[t]he distinction between communicative and noncommunicative conduct hinges on the gravamen of the action”).
5. We do not have jurisdiction to review Hirsh’s challenge to the district court’s striking count two, alleging breach of a defense handling agreement, because the denial was without prejudice, and there is no final order as to this claim. See Hyan v. Hummer, No. 14-56155, 825 F.3d 1043, 1046-47, 2016 WL 3254701, at *2 (9th Cir. June 14, 2016) (per curiam).
AFFIRMED.[1]

. Hirsh’s Motion for Leave to File Supplemental Reply Brief is GRANTED.