**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **AUGUSTINE FALLAY,** | No. 16-15524 |
| Plaintiff-Appellant, | D.C. No. 3:08-cv-02261-CRB |
| v. | |
| **FIRST AMERICAN SPECIALTY INSURANCE COMPANY; ROBERT DALTON; CINDY LLOYD,** | **MEMORANDUM**[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 4, 2017[**]
San Francisco, California

Before:     **KOZINSKI** and **HURWITZ**, Circuit Judges, and **KEELEY**,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

**1.** In analyzing an anti-SLAPP motion under California law, we first ask whether defendants demonstrated that "the challenged cause[s] of action . . . aris[e] from protected activity." Equilon Enters. v. Consumer Cause, Inc., 52 P.3d 685, 694 (Cal. 2002). First American's cooperation with law enforcement and Dalton's testimony at trial qualify as protected activities. See Cal. Code Civ. Proc. § 425.16(e); Dickens v. Provident Life & Accident Ins. Co., 117 Cal. App. 4th 705, 714 (2004).

Next, we consider whether "plaintiff has demonstrated a probability of prevailing on the claim[s]." Equilon Enters., 52 P.3d at 694. Fallay hasn't done so here. First, he can't establish malicious prosecution because the trial "was brought with[] probable cause," Soukup v. Law Offices of Herbert Hafif, 139 P.3d 30, 51 (Cal. 2006), and because there's no evidence that First American initiated the proceedings against him. Second, Fallay didn't raise claims for abuse of process or civil conspiracy below and thus waived them. Third, the claims under Cal. Civ. Code sections 51.7 and 52.1 fail since neither First American nor Dalton plausibly engaged in threatening conduct. See Gabrielle A. v. Cty. of Orange, 10 Cal. App. 5th 1268, 1290–91 (2017); Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015). Fourth, Fallay's breach of contract claim lacks merit because he hasn't identified which provision of his insurance agreement First American violated.

See <u>Cal. Physicians' Serv.</u> v. <u>Garrison</u>, 172 P.2d 4, 12 (Cal. 1946). Fifth, the intentional infliction of emotional distress claim is unlikely to succeed because defendants' conduct wasn't "beyond all possible bounds of decency." <u>Cochran</u> v. <u>Cochran</u>, 65 Cal. App. 4th 488, 496 (1998) (internal citation and quotation marks omitted).

**2.** The "prevailing defendant on a special motion to strike shall be entitled to recover his . . . attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). The district court thoroughly reviewed First American's requested fees and costs and awarded only those amounts related to the state law claims. There was no abuse of discretion.

**AFFIRMED**.

<u>Fallay</u> v. <u>First Am. Specialty Ins. Co.</u>, No. 16-15524

**KOZINSKI**, Circuit Judge, concurring:

Our decision in <u>United States ex rel. Newsham</u> v. <u>Lockheed Missiles &</u> <u>Space Co.</u> paved the way for defendants in diversity cases to raise anti-SLAPP motions under California law. <u>See</u> 190 F.3d 963, 972–73 (9th Cir. 1999). I'm duty-bound to follow <u>Newsham</u> and thus join today's disposition. But, as I've explained at length elsewhere, our decision to allow anti-SLAPP motions into federal court conflicts with Supreme Court precedent and permits California to override the Federal Rules of Civil Procedure—a hijacking of Congress' plenary power. <u>See</u> <u>Makaeff</u> v. <u>Trump Univ., LLC</u>, 715 F.3d 254, 272–75 (9th Cir. 2013) (Kozinski, C.J., concurring); <u>Travelers Cas. Ins. Co. of Am.</u> v. <u>Hirsh</u>, 831 F.3d 1179, 1182–86 (9th Cir. 2016) (per curiam) (Kozinski, J., concurring); <u>see also</u> <u>id.</u> at 1186 (Gould, J., concurring); <u>Cuba</u> v. <u>Pylant</u>, 814 F.3d 701, 718–21 (5th Cir. 2016) (Graves, J., dissenting); <u>Abbas</u> v. <u>Foreign Policy Grp., LLC</u>, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015) (Kavanaugh, J.); <u>Makaeff</u> v. <u>Trump Univ., LLC</u>, 736 F.3d 1180, 1188–92 (9th Cir. 2013) (Watford, J., dissenting from the denial of rehearing en banc). Two decades with anti-SLAPP motions as a scourge on our docket is penance enough for our blunder in <u>Newsham</u>. It's high time for a course correction.