FILED

NOT FOR PUBLICATION

APR 16 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



ESTATE OF TIMOTHY GENE SMITH, by his successor in interest Wyatt Allen Gunner Smith; et al.,

Plaintiffs-Appellees,

v.

CITY OF SAN DIEGO, et al.,

Defendants,

and

DAN ESCAMILLA,

Defendant-Appellant.

No. 18-55429

D.C. No.
3:16-cv-02989-WQH-MDD

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 4, 2019**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KLEINFELD, Circuit Judge, COLE, Chief Circuit Judge,[***] and

NGUYEN, Circuit Judge.

Defendant Dan Escamilla appeals from the district court's denial of his motion to dismiss under California's anti-SLAPP statute a § 1983 federal civil conspiracy claim against him, made in the ninth cause of action listed in the plaintiffs' First Amended Complaint. Escamilla also appeals the district court's grant of the plaintiffs' (Estate of Timothy Gene Smith)'s Motion for Order to Substitute Wyatt Smith (Timothy Smith's son) as successor-in-interest to his estate. We AFFIRM in part and DISMISS in part.

We have jurisdiction over his anti-SLAPP motion to strike. See, e.g., Travelers Cas. Ins. Co. of Am. v. Hirsh, 831 F.3d 1179, 1181 (9th Cir. 2016) (per curiam).

The district court did not err in denying Escamilla's motion to strike the plaintiffs' ninth cause of action, because California's anti-SLAPP statute cannot be used to strike a federal claim, under Hilton v. Hallmark Cards, 599 F.3d 894, 901

---

[***] The Honorable Ransey Guy Cole, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(9th Cir. 2010).  The district court did not err in classifying the ninth claim as a

federal claim.  It is framed as a conspiracy to violate civil rights under 42 U.S.C. §

1983.  The plaintiffs labeled it a "Conspiracy to Violate Civil Rights (*42 U.S.C. §

1983*)" and alleged that Escamilla agreed "to coordinate with, to act jointly with,

and to obtain the participation of S.D.P.D. [San Diego Police Department]" in

order to "locate and seize" Timothy Smith and Janie Sanders.  See Lacey v.

Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).  The complaint

alleges that Escamilla provided false information to the police through

"WANTED" posters, with the intent that the police would rely on this information

ultimately to violate Timothy Smith's constitutional rights to be free of wrongful

detention, unreasonable seizure, and use of excessive force.  See id. (requiring a

common objective, understanding, agreement, or meeting of the minds to allege a

civil conspiracy); see also Soo Park v. Thompson, 851 F.3d 910, 928 (9th Cir.

2017) (providing an example of a complaint that alleged sufficient facts to suggest

"an agreement to engage in 'illegal conduct,'" to state a claim for civil conspiracy

under § 1983).  The complaint alleges that the publication and dissemination of

this information ultimately led to the police following and apprehending Timothy

Smith, "who otherwise would have been ignored due to the minor nature of [his

and Janie Sanders's] alleged crimes."  See Lacey, 693 F.3d at 935.  It alleges that

this increased police attention resulted in the ultimate "excessive and unreasonable use of force and an unlawful seizure" of Timothy Smith, in violation of Timothy Smith's Fourth and Fourteenth Amendment rights. See also id. Thus the plaintiffs pleaded a federal conspiracy to violate civil rights under 42 U.S.C. § 1983.

We dismiss Escamilla's appeal to the extent that it is an appeal of an order denying his motion to dismiss for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), because it is an unappealable interlocutory order. See Hilton, 599 F.3d at 900–01.

We lack jurisdiction over Escamilla's appeal of the order substituting Wyatt Smith as successor-in-interest, because it is not a final order, and does not fall within an exception to the final order rule. 28 U.S.C. § 1291. We therefore DISMISS his appeal of the substitution of Wyatt Smith as successor-in-interest.

**AFFIRMED** in part and **DISMISSED** in part.